ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Friday, October 2, 2020 3:51:53 PM
CASE NUMBER: 2020 CV 03782 Docket ID: 34943243
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY, OHIO
## GENERAL DIVISION

| | | |
|---|---|---|
| BLS TRUCKING, INC.<br>P.O. Box 696<br>Vandalia, Ohio 45377 | : <br> : <br> : | Case No. _____ |
| | : | Judge: _____ |
| Plaintiff, | : <br> : | JURY DEMAND ENDORSED |
| vs. | : <br> : | |
| EVEREST NATIONAL INSURANCE<br>COMPANY<br>477 Martinsville Road<br>Liberty Corner, New Jersey 08938 | : <br> : <br> : <br> : <br> : | |
| Defendant. | : | |

## COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY JUDGMENT AND BAD FAITH

Plaintiff BLS Trucking, Inc. ("BLS" or "Plaintiff"), by and through its undersigned counsel, for its Complaint for Breach of Contract, Declaratory Judgment and Bad Faith against Defendant, Everest National Insurance Company ("Everest" or "Defendant"), states and avers as follows:

### NATURE OF THE ACTION

1. Plaintiff BLS brings this action against Defendant Everest (1) for breach of insurance contracts issued to BLS and BLS's additional insured, 84 Lumber Company ("84 Lumber"), (2) for declaratory judgment that the subject Commercial Auto Liability and Commercial General Liability Policies provide a defense and indemnity to BLS and to 84 Lumber,

and (3) for damages for Everest's bad faith coverage positions and claims handling in connection with a wrongful death action pending against 84 Lumber and BLS in Harris County, Texas.

## PARTIES

2. Plaintiff BLS is an Ohio corporation residing in Montgomery County, Ohio. BLS is a duly licensed and authorized motor carrier for hire, specializing in the transportation and delivery of building and construction materials.

3. Defendant Everest is a New Jersey corporation with its headquarters at 477 Martinsville Road, Liberty Corner, New Jersey 08938. Everest is in the business of providing insurance coverage to policyholders in exchange for payment of policy premiums.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant Everest because Plaintiff's claims arise under Ohio common and statutory law and because Everest transacts business in Ohio and contracted to insure risk and property located in Ohio by issuing insurance policies to policyholders in Ohio, including Plaintiff BLS.

5. Venue is proper in Montgomery County because Plaintiff's claims are among those described in Civil Rule 4.3 and Plaintiff resides in Montgomery County.

## FACTS COMMON TO ALL COUNTS

6. Defendant Everest issued Policy No. TL4GL00004191 to Plaintiff BLS and to additional insured 84 Lumber, providing Commercial General Liability coverage for the policy period from July 1, 2019 to July 1, 2020 (the "CGL Policy"). A copy of the CGL Policy is attached as Exhibit 1.

2

7. Defendant Everest issued Policy No. TL4CA00006191 to Plaintiff BLS, providing Commercial Auto Motor Carrier Coverage for the policy period from July 1, 2019 to July 1, 2020 (the "Commercial Auto Policy"). A copy of the Commercial Auto Policy is attached as Exhibit 2.

8. BLS has paid Everest all required premiums for the CGL and Commercial Auto Policies.

9. On or about December 19, 2019, a wrongful death action, styled *Tamaria Turner et al. v. Samuel Moreno, et al.*, was filed in the 152nd Judicial District Court for Harris County, Texas, bearing Case No. 2019-89046 and naming 84 Lumber as a Defendant ("the Turner Action"). On June 30, 2020, the Plaintiffs in the Turner Action filed an Amended Petition. A copy of the Plaintiffs' Amended Petition in the Turner Action is attached as Exhibit 3.

10. The Turner Action Plaintiffs allege that Ivory Turner, an employee of BLS, died on November 19, 2019 during the loading of a bundle of wood onto a BLS tractor-trailer at an 84 Lumber store in Houston, Texas. The Plaintiffs further allege that an 84 Lumber employee, Samuel Moreno, negligently operated a forklift used in the loading process, which resulted in the bundle of lumber falling onto Mr. Turner, causing his death. The Turner Action Plaintiffs' Petition and Amended Petition assert causes of action against 84 Lumber for negligence and *respondeat superior*, allegedly resulting in the death of Ivory Turner, and seek damages for pecuniary loss, loss of companionship and society, mental anguish, and loss of inheritance on behalf of the decedent's wife and two minor children, along with survival claims on behalf of the decedent for his conscious physical and emotional pain in the last moments of his life, medical expenses and funeral expenses.

11. The Everest CGL Policy issued to BLS provides insurance coverage to 84 Lumber as an additional insured for the Turner Action and all claims asserted by the claimants in the Turner Action (the "Turner Claims").

12. As an additional insured under the BLS CGL Policy, 84 Lumber tendered the Turner Action and Turner Claims to Everest for coverage. Everest denied coverage to 84 Lumber and has refused to defend and indemnify 84 Lumber with respect to the Turner Action and the Turner Claims.

13. Prior to the incident involving Mr. Turner, Plaintiff BLS and 84 Lumber entered into an Independent Contractor Hauling Agreement (the "Hauling Agreement"), with an effective date of February 20, 2019. Under the Hauling Agreement, as alleged by 84 Lumber, BLS must indemnify 84 Lumber from any loss resulting from bodily injury or death related to the "Work" of BLS, as defined in the Agreement.

14. 84 Lumber alleges that the Turner Action and the Turner Claims arise from BLS's "Work" under the Hauling Agreement, as defined in that Agreement.

15. The Hauling Agreement also requires, as alleged by 84 Lumber, that BLS provide insurance to 84 Lumber covering bodily injury and death suffered by anyone during operations undertaken pursuant to the Hauling Agreement, including employees of 84 Lumber or BLS.

16. 84 Lumber has made a claim against BLS for defense and indemnity under the Hauling Agreement, including for all defense costs arising from the Turner Action and the Turner Claims.

17. On February 4, 2020, as a result of Everest's denial of coverage to 84 Lumber and Everest's rejection of 84 Lumber's claim for defense and indemnity under the Hauling Agreement, 84 Lumber filed a Third-Party Petition against BLS in the Turner Action, asserting claims for

4

breach of contract, declaratory judgment and attorneys' fees. A copy of 84 Lumber's Third-Party Petition against BLS is attached as Exhibit 4.

18. The 84 Lumber indemnity claim against BLS is covered under both the Everest CGL and Commercial Auto Policies.

19. BLS tendered the defense of the 84 Lumber indemnity claim to Defendant Everest.

20. Everest initially acknowledged its coverage obligations to BLS, but later changed its position on providing coverage to BLS under the Commercial Auto Policy – ultimately denying coverage under that Policy. Everest agreed to provide a defense for BLS for the 84 Lumber indemnity claim under the CGL Policy, but under a reservation of rights such that Everest may still attempt to deny its coverage obligations to BLS.

21. BLS has performed all conditions precedent to performance of Everest under the CGL and Auto Policies and has complied with all terms and conditions of both the Commercial Auto and CGL Policies, including but not limited to appropriate notice and cooperation.

22. Everest has breached the Policies by failing and refusing to defend and indemnify 84 Lumber against the Turner Action and the Turner Claims, by failing and refusing to provide coverage to BLS for the 84 Lumber indemnity claim under the Commercial Auto Policy, and by refusing to make an unequivocal commitment of coverage under the CGL Policy.

23. In addition, Everest has breached its duty of good faith and fair dealing owed to BLS and has acted in bad faith toward BLS by, *inter alia*, refusing to unequivocally confirm defense and insurance coverage for the 84 Lumber indemnification claim against BLS, by acting in bad faith toward BLS in its handling of matters arising out of the Turner Claims, including the handling of the 84 Lumber indemnification claim against BLS, by conducting the defense of the Turner Action in a manner that has damaged the contractual and business relationship that BLS

enjoys with 84 Lumber and in a manner that exceeds Everest's rights as an insurer for BLS, by unduly delaying in responding to BLS's requests for prompt coverage determinations, by ignoring information in its possession that demonstrates coverage for matters related to the Turner Action and the Turner Claims, by allowing or directing the persons responsible for overseeing and directing BLS's defense in the Turner Action and Turner Claims to also oversee and direct Everest's efforts to protect its own countervailing interests through the engagement of separate coverage counsel by Everest in an attempt to deny coverage to BLS and 84 Lumber, by failing to construe its policies in favor of coverage, by willfully ignoring the harm it has caused and continues to cause to BLS, and by favoring its own interests over those of BLS.

## FIRST CAUSE OF ACTION
### (Breach of Contract for failure to defend and indemnify additional insured 84 Lumber)

24. BLS incorporates and restates its allegations set forth above and if same were fully rewritten here.

25. Under the CGL Policy, Defendant Everest is obligated to defend and indemnify BLS's additional insured, 84 Lumber, as against all costs, fees and liabilities arising from the Turner Action and the Turner Claims.

26. Defendant Everest has refused to indemnify 84 Lumber for the Turner Claims and has refused to defend 84 Lumber in the Turner Action.

27. Defendant Everest has breached the BLS CGL Policy.

28. 84 Lumber has asserted an indemnity claim against BLS as a result of Everest's failure and refusal to defend and indemnify 84 Lumber.

29. As a direct and proximate result of Everest's breaches of its contractual obligations with respect to 84 Lumber, BLS has incurred and is incurring damages well in excess of the jurisdictional threshold of this Court.

6

## SECOND CAUSE OF ACTION
**(Breach of Contract for Failure to Defend and Indemnify BLS)**

30. BLS incorporates and restates its allegations set forth above and if same were fully rewritten here.

31. Both the Everest CGL and Commercial Auto Policies provide insurance coverage to BLS for the Turner Claims and the Turner Action.

32. Everest has denied coverage to BLS under the Commercial Auto Policy with respect to the Turner Claims and the Turner Action, in violation of the requirements of the Policy.

33. While Everest is providing BLS a defense for the 84 Lumber indemnity claim against BLS, Everest has not committed to an unqualified defense, and therefore has breached both the CGL and Commercial Auto Policies issued to BLS.

34. Defendant Everest has failed to pay or reimburse BLS for defense costs incurred to date covered under the CGL and Commercial Auto Policies, in violation of the requirements in the Policies.

35. Defendant Everest has not provided BLS with a unqualified commitment to defend and indemnify BLS with respect to the 84 Lumber indemnity claim.

36. Defendant Everest has breached both the CGL and Commercial Auto Policies issued to BLS.

37. As a direct and proximate result of Everest's breaches of the CGL and Commercial Auto Policies, BLS has incurred and is incurring damages well in excess of the jurisdictional threshold of this Court.

### THIRD CAUSE OF ACTION
### (Declaratory Judgment as to coverage for 84 Lumber as an additional insured)

38. BLS incorporates and restates its allegations set forth above and if same were fully rewritten here.

39. Under Ohio Revised Code section 2721.02, the Court may declare the rights of parties under insurance policies.

40. Plaintiff BLS seeks a declaration that Everest is obligated to defend and indemnify 84 Lumber for the Turner Claims and is obligated to defend 84 Lumber in the Turner Action under the Everest CGL policy.

41. Plaintiff BLS seeks a further declaration that Everest is obligated to reimburse 84 Lumber for all defense costs incurred to date in connection with 84 Lumber's defense of the Turner Claims and the Turner Action.

### FOURTH CAUSE OF ACTION
### (Declaratory Judgment as to coverage for BLS under CGL and Auto Policies)

42. BLS incorporates and restates its allegations set forth above and if same were fully rewritten here.

43. Under Ohio Revised Code 2721.02, the Court may declare the rights of parties under insurance policies.

44. Plaintiff BLS seeks a declaration that Everest is obligated to defend and indemnify BLS under both the Everest CGL and Commercial Auto Polices for the 84 Lumber indemnity claim against BLS arising from the Turner Claims and the Turner Action.

45. Plaintiff BLS seeks a further declaration that Everest is obligated to reimburse BLS under both the Everest CGL and Auto Polices for all defense costs incurred to date in connection with the Turner claim in excess of the applicable deductible amount.

8

## FIFTH CAUSE OF ACTION
(Breach of Duty of Good Faith and Fair Dealing by Everest)

46. BLS incorporates and restates its allegations set forth above and if same were fully rewritten here.

47. Plaintiff Everest owes a duty of good faith and fair dealing to its insureds, including Plaintiff BLS.

48. Everest has violated its duty of good faith and fair dealing and has acted in bad faith toward BLS as a result of its wrongful denial of coverage for BLS's additional insured, 84 Lumber, which has resulted in the 84 Lumber indemnification claim against BLS.

49. Everest has breached its duty of good faith and fair dealing and has acted in bad faith toward BLS as a result of its refusal to unequivocally confirm a defense and insurance coverage for the 84 Lumber indemnification claim against BLS, without reservation of rights.

50. Everest has breached its duty of good faith and fair dealing and has acted in bad faith toward BLS in its handling of matters arising out of the Turner claim, including the handling of the 84 Lumber indemnification claim against BLS.

51. Everest has conducted the defense of the Turner Action in a manner that has damaged the contractual and business relationship that BLS enjoys with 84 Lumber and in a manner that exceeds Everest's rights as an insurer for BLS.

52. Everest has breached its duty of good faith and fair dealing and has acted in bad faith toward BLS by allowing and/or directing the same persons who are ostensibly responsible for overseeing and directing BLS's defense in the Turner Action to also oversee and direct Everest's efforts to protect its own interests, including but not limited to by having the same persons engage and communicate with insurance coverage defense counsel retained by Everest in an effort to deny coverage to BLS and/or 84 Lumber.

53. Everest has breached its duty of good faith and fair dealing and has acted in bad faith toward BLS by requiring BLS to pay policy premiums and provide additional credit guarantees that are substantially in excess of the value of the insurance coverage Everest agreed to provide to BLS, and by then denying coverage even under the Policies purchased by BLS at the substantially elevated costs and terms demanded by Everest.

54. Everest has breached its duty of good faith and fair dealing and has acted in bad faith toward BLS by unduly delaying in responding to BLS's requests for prompt coverage determinations, which has caused and continues to cause damages to BLS.

55. Everest has breached its duty of good faith and fair dealing and has acted in bad faith toward BLS by ignoring information in its possession that demonstrates coverage for matters related to the Turner Action and the Turner Claims.

56. Everest has breached its duty of good faith and fair dealing and has acted in bad faith toward BLS by failing to construe its policies in favor of coverage.

57. Everest has willfully ignored the harm it is causing its policyholder BLS and has favored its own interests over those of its policyholder BLS.

58. As a direct and proximate result of Everest's breaches of its duty of good faith and fair dealing and its bad faith toward BLS, BLS has incurred and is incurring substantial monetary damages, well in excess of the jurisdictional threshold of this Court, and is also entitled to recover all other damages properly awardable for bad faith, including punitive damages and attorneys' fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, BLS Trucking, Inc., prays that this Court grant the following relief:

1. On the first cause of action, for damages in an amount to be determined at trial, but well in excess of $25,000, plus interest and costs;

2. On the second cause of action, for damages in an amount to be determined at trial, but well in excess of $25,000, plus interest and costs;

3. On the third cause of action, for a declaration that Defendant Everest is obligated to provide 84 Lumber a defense and indemnity for the Turner claim as additional insured under the Everest CGL policy;

4. On the fourth cause of action, for a declaration that Defendant Everest is obligated to provide BLS with a defense and indemnity for the 84 Lumber identification claim under both the Everest CGL and Auto Policies;

5. On the fifth cause of action, for compensatory damages, punitive damages, attorneys' fees and costs for Defendant Everest's breaches of its duty of good faith and fair dealing and bad faith toward its policyholder, BLS; and

6. For all other and further relief to which BLS is entitled at law or in equity.

### JURY DEMAND

Plaintiff BLS Trucking, Inc. hereby demands a jury trial on all issues triable by jury.

Respectfully submitted,

/ s / Brian J. Augustine
Brian J. Augustine
Bar Number 0084818
Attorney for Plaintiff BLS Trucking, Inc.
PORTER WRIGHT MORRIS & ARTHUR LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone: 513.369.4216
Facsimile: 513.421.0991
baugustine@porterwright.com

Scott E. North
Bar Number 0028043
Attorney for Plaintiff BLS Trucking, Inc.
PORTER WRIGHT MORRIS & ARTHUR, LLP
41 S. High Street, 29th Floor
Columbus, OH 43215
Telephone: (614) 227-2087
Facsimile: (614) 227-2100
snorth@porterwright.com

13773430v1